# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN AFTERGOOD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Civil Action No. 01-2524 (RMU) |
| | ) |
| CENTRAL INTELLIGENCE AGENCY, | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

## DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant Central Intelligence Agency (CIA), by its undersigned attorneys, respectfully moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the grounds that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.[1]

---

[1] Plaintiff should take notice that any factual assertions contained in the declaration submitted in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting those assertions. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e); Local Cv. R. 7(h). Rule 56(e) of the Federal Rules of Civil Procedure provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provid-
> (continued...)

-2-

In support of this motion, the Court is respectfully referred to the Declaration of John E. McLaughlin, Acting Director of Central Intelligence; to the Declaration of Alan W. Tate, Information Review and Release Manager, CIA; to Defendant's Statement of Material Facts as to Which There is No Genuine Issue; and to the Memorandum of Points and Authorities in Opposition to Plaintiff's

---

[1](...continued)
ed in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the ad-verse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

-3-

Motion for Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment, all of which are filed herewith.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
(D.C. Bar #451058)
United States Attorney


_____
R. CRAIG LAWRENCE
(D.C. Bar #171538)
Assistant United States
  Attorney


Dated:  September 15, 2004        _____
                                  FRANK P. MENNA
                                  Senior Attorney
                                  Office of Information and
                                    Privacy
                                  United States Department of
                                    Justice
                                  Flag Building, Suite 570
                                  Washington, DC  20530-0001
                                  (202) 514-3642

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STEVEN AFTERGOOD,                    )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )   Civil Action No. 01-2524 (RMU)
                                     )
CENTRAL INTELLIGENCE AGENCY,         )
                                     )
        Defendant.                   )
_____     )

**DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO**
**WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h), defendant Central Intelligence Agency (CIA) submits the following statement of material facts as to which there is no genuine issue:[2]

1.  On December 7, 2001, plaintiff commenced this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1996 & West Supp. 2004), seeking access to certain historical intelligence budget data of the United States for the years 1947 and 1948.

2.  By letter dated February 22, 2002, plaintiff submitted to defendant a Freedom of Information Act request that sought the disclosure of all historical intelligence budget data from fiscal years 1947 through 1970, including the aggregate intelligence budget and subsidiary agency budgets for each of those years.

_____

[2] With respect to plaintiff's Statement of Material Facts as to Which There is No Genuine Issue, defendant need not respond more fully to the statements contained therein, inasmuch as they are legal conclusions and/or do not constitute statements of fact material to the issues in this case.

-2-

(See Declaration of Alan W. Tate, Information Review and Release Manager, CIA, ¶ 5 & Attach. 1.)

3.  Defendant acknowledged its receipt of plaintiff's request by letter dated March 27, 2002.  (See id. ¶ 6 & Attach. 2.)

4.  By letter dated September 12, 2002, plaintiff administratively appealed defendant's failure to provide the intelligence budget information that he requested.  (See id. ¶ 7 & Attach. 3.)

5.  Defendant acknowledged its receipt of plaintiff's administrative appeal by letter dated October 3, 2002.  (See id. ¶ 8 & Attach. 4.)

6.  On October 17, 2002, plaintiff filed a Supplemental Complaint that sought the disclosure of the aggregate intelligence budget figures for fiscal years 1947 and 1948.  (See id. ¶ 9 & Attach. 5.)

7.  Defendant responded to plaintiff's request of February 22, 2003 -- as narrowed by his Supplemental Complaint -- by letter dated June 27, 2003.  (See id. ¶ 10 & Attach. 6.)

8.  On July 2, 2003, plaintiff filed a motion to amend his Supplemental Complaint to seek the disclosure of all historical intelligence budget data for fiscal years 1947 through 1970, including the aggregate intelligence budget and subsidiary agency budget figures for each of those years.  (See id. ¶ 11 & Attach. 7.)

-3-

9.  On July 18, 2003, plaintiff sent to defendant's principal counsel an e-mail in which plaintiff reformulated the scope of his request by limiting it to the aggregate intelligence budget totals and subsidiary agency budget totals for fiscal years 1947 through 1970.  (See id. ¶ 12 & Attach. 8.)

10.  Defendant's search for responsive intelligence budget information yielded its own annual budgets for fiscal years 1947-64 and 1966-1970, as well as the intelligence budget figures from other agencies for fiscal year 1947; though defendant does maintain records concerning its budget for fiscal year 1965, the actual budget figure for that year cannot be reliably ascertained from those records.  (See id. ¶¶ 13-14 & n.2.)  Defendant does not maintain any information from which the aggregate intelligence budget figures for fiscal years 1947 through 1970 can be derived accurately, nor does it maintain any other agency's intelligence budget data for fiscal years 1948 through 1970.  (See id.)

11.  Acting Director of Central Intelligence John E. McLaughlin has determined that all responsive intelligence budget data located in response to plaintiff's reformulated FOIA request must be withheld under the Freedom of Information Act pursuant to Exemption 3, 5 U.S.C. § 552(b)(3), in conjunction with 50 U.S.C. 403-3(c)(7), which provides that the Director of Central Intelligence shall protect intelligence sources and methods from

-4-

unauthorized disclosure.  (See Declaration of John E. McLaughlin,

Acting Director of Central Intelligence, ¶¶ 8-21.)

                               Respectfully submitted,


                               _____

                               KENNETH L. WAINSTEIN
                               (D.C. Bar #451058)
                               United States Attorney


                               _____

                               R. CRAIG LAWRENCE
                               (D.C. Bar #171538)
                               Assistant United States
                                 Attorney


                               _____

Dated:  September 15, 2004     FRANK P. MENNA
                               Senior Attorney
                               Office of Information and
                                 Privacy
                               United States Department of
                                 Justice
                               Flag Building, Suite 570
                               Washington, DC  20530-0001
                               (202) 514-3642

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STEVEN AFTERGOOD,        )
                               )
      Plaintiff,         )
                               )
      v.                 )   Civil Action No. 01-2524 (RMU)
                               )
CENTRAL INTELLIGENCE AGENCY, )
                               )
      Defendant.        )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN**
**SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

<u>Preliminary Statement</u>

Plaintiff commenced this action under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552 (1996 & West Supp. 2004),
seeking the disclosure of certain intelligence budget information
for fiscal years 1947 through 1970.  Based upon the accompanying
Declaration of John E. McLaughlin, Acting Director of Central
Intelligence [hereinafter McLaughlin Decl.], the Declaration of
Alan W. Tate, Information Review and Release Manager, Central
Intelligence Agency (CIA) [hereinafter Tate Decl.], and the
entire record herein, and for the reasons set forth below,
defendant respectfully submits that there exists no genuine issue
of material fact and that it is entitled to judgment as a matter
of law pursuant to Rule 56 of the Federal Rules of Civil
Procedure.

-2-

<u>Factual and Procedural History</u>

By letter dated May 11, 1995, plaintiff submitted to defendant a FOIA request that sought all U.S. intelligence budget information for fiscal years 1947 through 1970.  <u>See</u> Pl.'s Compl. for Declaratory and Injunctive Relief Under the Freedom of Information Act at 4.  Defendant denied plaintiff's request in its entirety by letter dated May 30, 1995, citing FOIA Exemptions 1 and 3, 5 U.S.C. § 552(b)(1), (3), as the bases for the denial. <u>See</u> <u>id.</u>  By letter dated June 5, 1995, plaintiff administratively appealed the denial of his FOIA request.  <u>See</u> <u>id.</u>  Defendant denied plaintiff's administrative appeal by letter dated December 14, 2000, again citing FOIA Exemptions 1 and 3 as the bases for the denial.  <u>See</u> <u>id.</u>

Nearly a year later, plaintiff commenced this action on December 7, 2001, seeking the "disclosure of aggregate U.S. intelligence budget figures for the years 1947 and 1948."  <u>Id.</u> On February 19, 2002, defendant filed a motion to dismiss this action for lack of subject matter jurisdiction because plaintiff failed to file his Complaint within the statute of limitations period that applies to FOIA cases.  Rather than opposing defendant's motion to dismiss, on March 13, 2002, plaintiff filed a Motion for Leave to File a Supplemental Complaint, in which he requested leave to file a supplemental complaint based on his February 22, 2002, FOIA request to defendant, which sought the

-3-

very same information sought by plaintiff's FOIA request of May
11, 1995.

By Order dated September 5, 2002, the Court granted
defendant's motion to dismiss the Complaint concerning
plaintiff's request of May 11, 1995, and it also granted
plaintiff's motion to file a supplemental complaint concerning
his request of February 22, 2002.  On October 17, 2002, plaintiff
filed a Supplemental Complaint that sought the "disclosure of
aggregate U.S. intelligence budget figures for the years 1947 and
1948."  Pl.'s Supplemental Compl. for Injunctive Relief Under the
Freedom of Information Act at 1.  Defendant answered plaintiff's
supplemental complaint on December 10, 2002.  By Order dated May
2, 2003, the Court ordered the parties to file by no later than
May 23, 2003, a joint status report with a proposed briefing
schedule for this case.

On May 22, 2003, the parties submitted to the Court a Joint
Status Report proposing a schedule for the further disposition of
this case.  In accordance with that proposed schedule, defendant
responded to plaintiff's request of February 22, 2003 -- as
narrowed by his Supplemental Complaint -- by letter dated June
27, 2003.  However, rather than abiding by the mutually agreed-
upon terms of the parties' Joint Status Report, plaintiff instead
filed a motion seeking leave to file an amended supplemental
complaint to expand the scope of this litigation to encompass all
intelligence budget information from 1947 through 1970, as he

-4-

originally sought in his request.  Although defendant did not oppose plaintiff's motion, it did file a response on July 16, 2003, in which it suggested that the full scope of plaintiff's FOIA request as written is so broad that it may be seen as unreasonably burdensome.  Subsequently, on July 18, 2003, plaintiff sent to defendant's principal counsel an e-mail in which plaintiff reformulated the scope of his request by limiting it to the aggregate intelligence budget totals and subsidiary agency budget totals for fiscal years 1947 through 1970.  (<u>See</u> Tate Decl. ¶ 12 & Attach. 8.)

By Order dated January 16, 2004, the Court granted plaintiff's motion to file an amended supplemental complaint.  On February 2, 2004, defendant answered plaintiff's Amended Supplemental Complaint.  In accordance with the Court's Order of June 19, 2004, plaintiff filed a motion for summary judgment on July 21, 2004.  For the reasons discussed below, defendant hereby opposes plaintiff's Motion for Summary Judgment and respectfully suggests that defendant's Cross-Motion for Summary Judgment, filed herewith, should be granted.

<u>Argument</u>

I.  DEFENDANT HAS PROPERLY INVOKED FOIA EXEMPTION 3, IN
    CONJUNCTION WITH 50 U.S.C. § 403-3(c)(7), TO WITHHOLD
    <u>THE INTELLIGENCE BUDGET INFORMATION PLAINTIFF SEEKS.</u>

In this case, defendant has properly invoked Exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3), in conjunction with 50 U.S.C. § 403-3(c)(7) (2000), to withhold the intelligence budget

-5-

information that it has located in response to plaintiff's request.[3]  Exemption 3 exempts from mandatory disclosure information that is "specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters to be withheld from the public in such a manner as to leave no discretion on the issue, or (B) established particular criteria for withholding or refers to particular types of matters to be withheld."  5 U.S.C. § 553(b)(3).  The statute that defendant relies upon in invoking Exemption 3 is 50 U.S.C. § 403-3(c)(7), which provides that the Director of Central Intelligence (DCI) "shall . . . protect intelligence sources and methods from unauthorized disclosure."

A.  The Scope of the Court's Review in this Exemption 3 Case is Limited.

At the outset, it is important to note that the scope of the Court's review in this Exemption 3 case is limited.  As the Court of Appeals for the District of Columbia Circuit has explained, "Exemption 3 differs from other FOIA exemptions in that its

---

[3] Defendant does not maintain records from which any aggregate intelligence budget figures from 1947-1970 can be discerned, nor does it maintain any records concerning the intelligence budgets of other agencies for fiscal years 1948 through 1970.  (See Tate Decl. ¶ 14 & n.2.)  Instead, defendant maintains records that reflect its own budgets from 1947-1964 and 1966-1970, and a single document that purportedly reflects the fiscal year 1947 intelligence budgets of other agencies (though defendant cannot vouch for the accuracy of that document).  (See id.)  As explained more fully below, Acting DCI McLaughlin has determined that all of this information must be withheld pursuant to Exemption 3 in conjunction with 50 U.S.C. § 403-3(c)(7).  (See McLaughlin Decl. ¶¶ 8, 21.)

-6-

applicability depends less on the detailed contents" of the
requested records.  Goland v. CIA, 607 F.2d 339, 350 (D.C. Cir.
1978).  Thus, in cases involving the application of Exemption 3,
the Court "should not probe too deeply into the content of [the]
specific documents" that have been withheld under that exemption.
Krikorian v. Dep't of State, No. 88-3419, 1990 WL 236108, at *4
(D.D.C. Dec. 19, 1990) (copy attached as Attach. A); see, e.g.,
James Madison Project v. NARA, No. 98-2737, slip op. at 7 n.4
(D.D.C. Mar. 5, 2002) (recognizing that in assessing the
propriety of an agency's use of Exemption 3 to withhold a
document containing World War I-era information, "the Court need
not scrutinize the substance of [the] disputed document"),
summary affirmance granted in pertinent part, No. 02-5089, 2002
WL 31296220 (D.C. Cir. Oct. 11, 2002) (copy attached as Attach.
B).

      Instead, only "[t]wo questions need to be answered [by the
Court] in determining whether Exemption 3 applies" in this case.
Maynard v. CIA, 986 F.2d 547, 554 (1st Cir. 1993).  First, does
the statute that defendant relies upon qualify as a withholding
statute under Exemption 3?  See Fitzgibbon v. CIA, 911 F.2d 755,
761 (D.C. Cir. 1990).  Second, does the information withheld by
defendant "fall[] within" that statute's protection?  Id.  As
demonstrated below, Acting DCI McLaughlin's declaration and the
overwhelming weight of applicable case law make it clear that in
this case, the answer to each of those questions is a resounding

-7-

"yes."  Therefore, defendant respectfully suggests that it is
entitled to summary judgment.  <u>See, e.g.</u>, <u>Aronson v. IRS</u>, 973
F.2d 962, 967 (1st Cir. 1992) ("[O]nce a court determines that
the statute in question is an Exemption 3 statute, and that the
information requested at least arguably falls within that
statute, FOIA de novo review normally ends.").

    B.  50 U.S.C. § 403-3(c)(7) is a Withholding Statute
        Under Exemption 3.

First, it is beyond dispute that the statute defendant
relies upon in this case, 50 U.S.C. § 403-3(c)(7),[4] qualifies as
a withholding statute under Exemption 3, because it "clearly
'refers to particular types of matters'" to be withheld --
namely, "intelligence sources and methods."  <u>CIA v. Sims</u>, 471
U.S. 159, 167-68 (1985) (quoting 5 U.S.C. § 552(b)(3)(B)); <u>see
also, e.g.</u>, <u>Fitzgibbon</u>, 911 F.2d at 761 ("There is thus no doubt
that [50 U.S.C. § 403-3(c)(7)] is a proper exemption statute
under Exemption 3."); <u>Aftergood v. CIA</u>, No. 02-1146, slip op. at
4-5 (D.D.C. Feb. 6, 2004) (recognizing that "[t]he Supreme Court
has held that [50 U.S.C. § 403-3(c)(7)] qualifies as a basis for
Exemption 3 purposes") (copy attached as Attach. C); <u>Aftergood v.
CIA</u>, No. 98-2107, 1999 U.S. Dist. LEXIS 18135, at *13 (D.D.C.
Nov. 12, 1999) (declaring that "it is well settled" that 50

_____

    [4] Since the time that it was originally enacted as part of
the National Security Act of 1947, 50 U.S.C. § 403-3(c)(7) has
been codified at various places in the United States Code.  For
ease of reference, defendant throughout this memorandum cites to
the statute's current location.

-8-

U.S.C. § 403-3(c)(7) is an Exemption 3 statute) (copy attached as

Attach. D).

C.  The Withheld Information "Falls Within" the Scope
    of 50 U.S.C. § 403-3(c)(7) Because it "Relates"
    to Intelligence Methods Protected by That Statute.

Second, the requested information unquestionably "falls

within" the scope of 50 U.S.C. § 403-3(c)(7), which provides that

the DCI "shall . . . protect intelligence sources and methods

from unauthorized disclosure."  50 U.S.C. § 403-3(c)(7).  As

recognized by the Supreme Court, this statute gives the DCI

"sweeping power" to safeguard information revealing intelligence

sources and methods.  Sims, 471 U.S. at 170; see, e.g., Aftergood

v. CIA, No. 98-2107, 1999 U.S. Dist. LEXIS 18135, at *13 ("There

is no doubt that the scope of [50 U.S.C. § 403-3(c)(7)] is

broad.").  Indeed, the DCI's broad statutory mandate to protect

intelligence sources and methods has been acknowledged as

creating "a near-blanket FOIA exemption" covering such

information.  Hunt v. CIA, 981 F.2d 1116, 1120 (9th Cir. 1992).

Therefore, to establish that the intelligence budget

information at issue in this case "falls within" the broad scope

of 50 U.S.C. § 403-3(c)(7) -- and thus is protected from

disclosure under the FOIA pursuant to Exemption 3 -- "the CIA

need only show [the Court] that the information 'relates' to

intelligence sources and methods."  Aftergood, No. 98-3107, 1999

U.S. Dist. LEXIS 18135, at **13-14 (citing Fitzgibbon, 911 F.2d

at 762).  Furthermore, "in determining whether withheld material

-9-

relates to intelligence sources or methods, [the] court must 'accord substantial weight and due consideration to the CIA's affidavits'" addressing that point. Maynard, 986 F.2d at 555 (quoting Fitzgibbon, 911 F.2d at 762); see Fitzgibbon, 911 F.2d at 762 (recognizing that because "[i]t is not the province of the judiciary . . . to determine whether a source or method should be (or should not be) disclosed," courts must defer to the DCI's judgment that such information be withheld).

This Court has already concluded in no uncertain terms that intelligence budget information "relates to intelligence methods, namely, the allocation, transfer and funding of intelligence programs." Aftergood, No. 02-1146, slip op. at 6; see Aftergood, No. 98-2107, 1999 U.S. Dist. LEXIS 18135, at **13-16 (concluding that intelligence budget information "relates" to intelligence methods); see also Military Audit Project v. Casey, 656 F.2d 724, 750 (D.C. Cir. 1981) (concluding that "information pertaining to the methods employed to provide secret funding" for intelligence activities are exempt from disclosure under the FOIA); cf. Richardson v. Spahr, 416 F. Supp. 752, 753 (W.D. Pa. 1976) (observing that the release of information concerning the annual funding of intelligence operations would make it "impossible for anyone to protect intelligence sources and methods"). Accordingly, this Court has consistently upheld defendant's withholding of intelligence budget information pursuant to Exemption 3.  See Aftergood, No. 02-1146, slip op. at 7

-10-

(concluding that "[b]ecause the aggregate intelligence budget
relates to intelligence methods . . . the defendant may withhold
[such information] pursuant to Exemption 3"); <u>Aftergood</u>, No. 98-
3107, 1999 U.S. Dist. LEXIS 18135, at **15-16 (sustaining the
withholding of intelligence budget information under Exemption 3
because its release "would tend to reveal secret budgeting
mechanisms constituting 'intelligence methods'").

The result in this case simply should be no different.  Just
as former DCI George Tenet did in each of plaintiff's prior
cases, Acting DCI McLaughlin has in this case submitted a
declaration that describes in detail how in his judgment the
intelligence budget information presently at issue "relates" to
intelligence methods that he is by statute charged to protect
from disclosure.  (<u>See</u> McLaughlin Decl. ¶¶ 12-21.)  As stated by
Acting DCI McLaughlin, "the methods of clandestinely providing
money to the CIA and the Intelligence Community for the purpose
of carrying out the classified intelligence activities of the
United States are themselves congressionally enabled intelligence
methods" that have existed for over fifty years, and he has
attested that the release of the information at issue in this
case would reveal those intelligence methods.  (<u>Id.</u> ¶¶ 13, 21.)
As such, the information at issue in this case "relates" to
intelligence methods in much the same manner as other
intelligence budget information that this Court has previously
ruled was properly withheld under Exemption 3.  <u>See</u> <u>Aftergood</u>,

-11-

No. 02-1146, slip op. at 7; Afterdood, No. 98-3107, 1999 U.S.
Dist. LEXIS 18135, at **15-16.  Thus, defendant respectfully
suggests that its withholding of the information at issue in this
case is fully supported by those prior decisions.

Swimming weakly against this current of directly contrary
authority, plaintiff offers two unavailing arguments in support
of his assertion that defendant's withholding of the intelligence
budget information that he seeks in this case violates the FOIA.[5]
First, plaintiff contends that the mere age of the information
alone makes defendant's withholding of it under Exemption 3
"untenable."  Pl.'s Suppl. Amended Compl. at 2.  This argument is
patently infirm.  The D.C. Circuit has declared in no uncertain

_____

    [5] Plaintiff also asserts that defendant's withholding of the
requested intelligence budget information violates Article I,
Section 9, Clause 7 of the United States Constitution, which
requires, inter alia, a "statement and account" of public
expenditures "from time to time."  U.S. Const. art. I, § 9, cl.
7.  However, it is long-settled that "the FOIA does not create
standing to challenge the constitutionality of the CIA's
budgetary secrecy" under the Statement and Account Clause,
Halperin v. CIA, 629 F.2d 144, 152 (D.C. Cir. 1980).  Nor does
that clause "create a judicially enforceable standard for the
required disclosure of expenditures for intelligence activities,"
id. at 161; cf. United States v. Richardson, 418 U.S. 166, 178
n.11 (1974) (acknowledging Congress's "plenary power . . . to
exempt certain secret activities from comprehensive public
reporting)(non-FOIA case).  Furthermore, plaintiff's assertion
that the Statement and Account Clause's "from time to time"
requirement diminishes Halperin's controlling effect on this case
is utterly baseless.  The Supreme Court has recognized that the
clause gives Congress "plenary power to spell out the details of
precisely when . . . Executive agencies must report the
expenditure of appropriated funds."  Id. (emphasis added).  Thus,
defendant respectfully suggests that plaintiff's misguided
attempt to use this FOIA action to assert his meritless
constitutional claim must be rejected.

-12-

terms that it is wholly "<u>improper</u> . . . to consider the effect of
the passage of time on materials withheld under exemption 3."
<u>Fitzgibbon</u>, 911 F.2d at 764 (emphasis added).  In fact, "[c]ourts
have generally rejected the contention that the mere age of
intelligence information rules out Exemption 3."  <u>Maynard</u>, 986
F.2d at 555 n.6; <u>see, e.g.</u>, <u>Sims</u>, 471 U.S. at 180 (affirming the
use of Exemption 3 to withhold intelligence information that was
then thirty years old); <u>Maynard</u>, 986 F.2d at 555 (same);
<u>Fitzgibbon</u>, 911 F.2d 763-64 (same); <u>James Madison Project</u>, No.
98-2737, slip op. at 8 (holding that World War I-era records
describing intelligence methods then in use were properly
withheld under Exemption 3); <u>Richardson</u>, 416 F. Supp. at 753
(concluding that Exemption 3 protects information concerning
intelligence expenditures dating back to 1947).  Thus, the age of
the intelligence budget information at issue here simply has no
bearing whatsoever on whether defendant properly withheld it
under Exemption 3.

     Second, plaintiff asserts that the disclosure of certain
documents from the archives of former Members of Congress, which
purportedly contain defendant's annual appropriations for fiscal
years 1953, 1954, and 1955, has "exposed as objectively false"
what he anticipated would be defendant's basis for withholding
all of the information at issue in this case.  Pl.'s Mem. of P. &
A. in Support of Pl.'s Mot. for Summ. J. at 5; <u>see also</u> Decl. of
David Barrett ¶¶ 4-6 & Attachs. 1-3.  Indeed, plaintiff goes so

-13-

far as to claim that because the disclosure of those congressional documents supposedly has caused "[n]o identifiable damage to national security or intelligence methods" that he is able to discern, all of the information that he seeks from defendant must be disclosed.[6]  Id. at 5-6.

Plaintiff fares no better with this equally meritless argument.  As discussed above, defendant has amply demonstrated that 50 U.S.C. § 403-3(c)(7) is a proper withholding statute under Exemption 3 and that the information at issue "falls within" the protection afforded by that statute.  Even though that showing by itself entitles defendant to summary judgment in this case, see, e.g., Aronson, 973 F.2d at 967, Acting DCI McLaughlin nevertheless has taken the extra step of explaining how the disclosure of the intelligence budget information at issue would undermine long-standing, congressionally enabled

_____

[6] It does not appear that plaintiff is arguing that the public availability of these congressional documents has effected a waiver of defendant's ability to withhold the budget information that he seeks.  Indeed, such an argument would be wholly unavailing in any event.  See, e.g., Students Against Genocide v. Dep't of State, 50 F. Supp. 2d 20, 25 (D.D.C. 1999) (recognizing that only the agency that is the original source of information at issue can waive the applicability of a FOIA exemption), aff'd in pertinent part, 257 F.3d 828 (D.C. Cir. 2001).  Rather, plaintiff seems to base his argument solely upon what he believes to be the apparent lack of negative consequences flowing from the public availability of those congressional documents.  Cf. Earth Pledge Found. v. CIA, 988 F. Supp. 623, 625 & n.1 (S.D.N.Y. 1996) (noting that plaintiff objected to the withholding of information contained in a publicly available Senate report not because such disclosure constituted a waiver, but because the public availability of that report "demonstrates that there is no longer a need for secrecy").

-14-

intelligence methods that must be protected "in the interest of
maintaining an effective intelligence service." (McLaughlin
Decl. ¶¶ 15-20.) Indeed, given that "the assessment of harm to
intelligence sources, methods and operations is entrusted to the
Director of Central Intelligence," Fitzgibbon, 911 F.2d at 765,
plaintiff cannot credibly purport that his own judgment about the
consequences of disclosure in this case is superior to that of
Acting DCI McLaughlin. See, e.g., Sims, 471 U.S. at 178 (holding
that the DCI is empowered to withhold even "superficially
innocuous information" under Exemption 3, because "'[w]hat may
seem trivial to the uninformed, may appear of great moment to one
who has a broad view of the scene and may put the questioned item
of information in its proper context.'" (quoting Halkin v. Helms,
598 F.2d 1, 9 (D.C. Cir. 1978))). Thus, plaintiff's claim that
the public availability of certain congressional documents
warrants the disclosure of all the information at issue in this
case lacks any merit and must be rejected.

<u>Conclusion</u>

In sum, defendant has more than amply demonstrated that 50
U.S.C. § 403-3(c)(7) is a withholding statute under Exemption 3
and that the intelligence budget information at issue in this
case falls within that statute's broad protection. Therefore,
defendant respectfully requests that plaintiff's Motion for

-15-

Summary Judgment be denied and that defendant's Cross-Motion for

Summary Judgment be granted.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN
(D.C. Bar #451058)
United States Attorney

_____

R. CRAIG LAWRENCE
(D.C. Bar #171538)
Assistant United States
   Attorney

_____

Dated:   September 15, 2004          FRANK P. MENNA
                                     Senior Attorney
                                     Office of Information and
                                        Privacy
                                     United States Department of
                                        Justice
                                     Flag Building, Suite 570
                                     Washington, DC  20530-0001
                                     (202) 514-3642