IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN AFTERGOOD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01-2524 (RMU) |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
AND PLAINTIFF'S RESPONSE TO
<u>DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Introduction

This is a Freedom of Information Act proceeding in which plaintiff *pro se* Steven Aftergood seeks disclosure of certain historical intelligence budget information from 1947 through 1970. The requested information has been denied by defendant Central Intelligence Agency ("CIA"). Plaintiff moved for summary judgment on July 21, 2004. Defendant filed opposition and cross-moved for summary judgment on September 15, 2004. Plaintiff moved on September 22 to strike Defendant's proffered Declaration of John E. McLaughlin. Plaintiff's reply to Defendant's opposition and Plaintiff's response to Defendant's cross motion follow below.

**I.       Reply to Defendant's Opposition**

Defendant has not controverted plaintiff's proposed statement of material facts, and has therefore admitted them. *Federal Rules of Civil Procedure* rules 8(d), 56(e), Local Cv.R. 7(h).

In particular, defendant has effectively admitted that "Plaintiff independently obtained and published several historical intelligence budget documents that fall within the scope of the present request." (proposed fact 4).

Also, defendant has effectively admitted that "Despite the unrestricted global dissemination of these documents on the world wide web, no damage to national security nor compromise of intelligence methods resulted." (proposed fact 5)

Contrary to the rules of civil procedure, defendant argues that it "need not respond" to plaintiff's Statement of Material Facts since they are "legal conclusions" or are not material to this case. *Defendant's Statement of Material Facts*, 09/15/04, at footnote 2.

Plaintiff leaves it to the court to determine, based on the evidence presented, whether or not it is a material (and uncontroverted) fact that (1) plaintiff obtained and published intelligence budget documents that fall within the scope of the present request, and that (2) these documents have been globally disseminated without adverse effect.

**II.      Response to Defendant's Cross-Motion for Summary Judgment**

Plaintiff has moved separately to strike the Declaration of Acting Director of Central Intelligence John E. McLaughlin on grounds that it contains egregious misrepresentations of the factual record that constitute material false statements. *Plaintiff's Motion to Strike*, 09/22/04.

If the court strikes the McLaughlin Declaration, Defendant has no case and summary

judgment must be granted to plaintiff. The following response is offered in the event that the court does not strike the McLaughlin Declaration.

Three claims are presented below: (1) Defendant has waived its ability to withhold the requested information by officially releasing several of the requested CIA budget figures and by repeatedly acquiescing in public disclosure of the underlying "intelligence method"; (2) the Court has a superseding obligation to defend the Constitution against those who would strip its words of meaning; and (3) the observations of the 9/11 Commission on the need for intelligence budget disclosure underscore the urgency of granting Plaintiff's motion.

**1.      Defendant Has Waived the Ability to Withhold the Requested Information**

Defendant claims that the requested budget data must be withheld because their release "could assist in finding the locations of secret intelligence appropriations and thus defeat these congressionally approved clandestine funding mechanisms." McLaughlin Declaration, at ¶ 21.

But this claim cannot stand because Defendant has officially released several of the requested budget figures and has repeatedly acquiesced in the disclosure of "the locations of secret intelligence appropriations," as described below, thereby waiving the asserted exemption.

**1.A.    Several of the Requested CIA Budget Figures Have Been Officially Disclosed**

Several of the requested CIA annual appropriation totals have been officially disclosed by CIA in historical records collections at the National Archives.

Specifically, CIA appropriations for Fiscal Years 1963, 1964, 1965 and 1966 are presented in a declassified CIA report entitled "Cost Reduction Program," dated 1 September

1965, and attached herewith as Exhibit 1.[1]

The indicia of official declassification are evident on each page. In particular, the title page states that "This document has been approved for release through the HISTORICAL REVIEW PROGRAM [of] the Central Intelligence Agency."

Plaintiff submits that the attached document officially released by the CIA clearly meets the standard for establishing waiver in *Fitzgibbon v. Central Intelligence Agency*, 911 F. 2d 755, 765.

By officially releasing four consecutive annual appropriation figures for CIA, defendant has not only waived exemption of the four figures. Defendant has also waived the unfounded categorical claim that all such figures must be withheld in order to protect the purported intelligence "method" of concealing such appropriations in undisclosed locations.[2]

---

[1] I obtained this document on September 24, 2004 from Prof. David Barrett of Villanova University, who obtained it from the National Archives (Record Group 263, Box 7). I hereby certify under penalty of perjury that the attached exhibit is a faithful and authentic replica of the original document. I further certify under penalty of perjury that all other statements of fact and opinion presented herein are true and correct to the best of my knowledge and belief.

[2] In any case, Plaintiff has argued separately that disclosure of total budget amounts reveals nothing about the locations of concealed appropriations. Contrary to Defendant's claim, there is no nexus between the two. See *Plaintiff's Motion to Strike the Declaration of John E. McLaughlin* at pp. 5-6. (Due to inadvertent misnumbering, that Motion contains no page 2.)

**1.B.    The locations of concealed appropriations have also been officially disclosed.**

Not only have several of the requested budget totals been officially disclosed, but so have the "locations" of concealed appropriations that CIA says must be protected.  See, for example, the documents obtained by Prof. David Barrett and attached to his Declaration as Attachments 1 and 2, reflecting the concealed locations of CIA appropriations for FY 1953 and FY 1955.

The Barrett attachments, which are far more specific and detailed than the documents requested by plaintiff, seem to meet the *Fitzgibbon* test.  They are not second-hand reports or recollections of retired government employees.  Rather, they are official government records that were openly obtained from public archives of former members of congress, as described in Declaration of David Barrett, ¶¶ 2-7.  As such, they are both "official" and "documented."

However, it may be objected that "only the CIA can waive CIA's right to assert an exemption to the Freedom of Information Act."  *Frugone v. C.I.A.*, 169 F.3d 772, 774.

Plaintiff contends that the court's reasoning there is not applicable in the present circumstance.  The holding in *Frugone* was based on the premise that an official disclosure of intelligence information by another agency would be less authoritative than a disclosure of the same information by CIA, and that therefore disclosure by another agency could not be used to compel disclosure by CIA.

But here the issue concerns budget appropriations, which is uniquely the purview of Congress.  Congressional records reflecting the amounts and locations of clandestine intelligence appropriations are therefore <u>more</u> authoritative, not less, than similar records disclosed by CIA.

**1.C.     Acquiescing in Disclosure of Intelligence Methods Amounts to Waiver**

Finally, it should be noted that the statutory requirement to protect intelligence sources and methods is not a <u>privilege</u>, it is an <u>obligation</u>.  50 U.S.C. § 403-3(c)(7).  Unlike many other FOIA (b)(3) exemptions, this statute imposes an affirmative duty to protect information that extends far beyond FOIA proceedings.  It follows that the DCI can effectively waive the exemption merely by *acquiescing* in disclosure of the information in other forums.

If, as Defendant claims, the locations of CIA budget appropriations from 50 years ago constituted an intelligence method, then the DCI would have <u>violated</u> his statutory duty by permitting such information to be openly disseminated in multiple public archives, as documented under oath by Barrett.  Yet there is no evidence that the DCI has reported any such statutory violation to Congress, as required, or taken any remedial actions.

To the contrary, it appears that outside of this proceeding Defendant has made a tacit decision that the requested information is <u>not</u> an intelligence method that is worth protecting.  By so doing, Defendant has waived the ability to withhold such information in this proceeding.

**2.     Does the Constitution Mean What It Says?**

The most momentous issue raised by this proceeding is whether the explicit constitutional requirement that a statement and account of "all" public expenditures must be published "from time to time" is in force or not.  *U.S. Const. Art. I, § 9, Cl. 7.*  Is the government at liberty to simply ignore this requirement or to interpret it into nothingness?

Defendant cites precedent to argue that a FOIA requester does not have the standing to challenge the constitutionality of CIA budget secrecy.  *Cross-Motion* at page 11, fn. 5.

Indeed, it is clear to plaintiff that FOIA does not create standing to challenge budget secrecy *per se*, or to attempt to regulate precisely <u>when</u> appropriated funds must be reported.

But the question of whether appropriated funds must <u>ever</u> be reported at all raises more profound issues that are fairly placed before this court.

Defendant does not dispute, and therefore admits, Plaintiff's proposed Material Fact No. 1 that "A statement of the receipts of public money for intelligence from FY 1947 through FY 1970 has never been published." *citing* Aftergood Declaration, at ¶¶ 3, 5.  Nor has Defendant presented evidence or argument to rebut the statement of constitutional scholar Louis Fisher that "'From time to time' cannot mean 'never'." Fisher Declaration, at ¶ 17.

Defendant's implied position is that despite the Statement and Account clause there is no binding obligation to <u>ever</u> report a major category of government expenditures.  This position serves its narrow tactical interests, but at a tremendous cost.

If the plain words of the Constitution can be abrogated at will and stripped of their meaning, then there is no ground under our feet.  The weight of precedent has no effective force, the rules of procedure are a meaningless convention, and judicial authority is a mere pretense.  Proceedings like this one would be an absurd game that no reasonable person would choose to play.  Could that be the case?

I respectfully suggest that by virtue of its oath of office, this court has a prior, transcendent obligation to defend the words of the Constitution against those who would annul them for tactical advantage.

### 3. The 9/11 Commission on Intelligence Budget Disclosure

In its final report, the National Commission on Terrorist Attacks Upon the United States ("the 9/11 Commission") formulated 41 recommendations that are intended to strengthen the country's ability to prevent and defend against future terrorist attacks.[3]

Remarkably, one of those 41 recommendations advocated intelligence budget disclosure:

> Recommendation: Finally, to combat the secrecy and complexity we have described, the overall amounts of money being appropriated for national intelligence <u>and to its component agencies</u> should no longer be kept secret....[4]

In other words, the Commission concluded that the very categories of information that defendant has refused to release even a half century after the fact should routinely be released now and in the future!

The 9/11 Commission members were selected by the President and Congress for their professional expertise and personal distinction in a wide range of civilian and military national security arenas, in both the executive and legislative branches. Their endorsement of intelligence budget disclosure was bipartisan and unanimous.

While their view may not be legally dispositive, it highlights the outlandish character of defendant's position in this case.

More than that: The Commission's experts did not simply say that it would be "okay" to

---

[3] The 9/11 Commission Report, a nationwide bestseller, is widely available in hardcopy and online, including here: http://www.gpoaccess.gov/911/ .

[4] At page 416 of the Final Report (emphasis added). A copy of this page is included as Exhibit 2. I certify under penalty of perjury that this is an accurate and authentic replica of the cited page.

disclose intelligence budget information – rather, they indicated that it was *necessary* to do so in order to combat the debilitating spread of irrational secrecy.

If the 9/11 Commission's analysis is correct, then by insisting on such secrecy, CIA and the Justice Department are putting American lives at risk.

## **CONCLUSION**

For all of the foregoing reasons, the Court is respectfully asked to enter summary judgment for the plaintiff.

Dated:   September 27, 2004               Respectfully submitted,

_____
STEVEN AFTERGOOD
Plaintiff *pro se*
2501 M Street, NW #706
Washington, DC   20037
Tel: (202)454-4691

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN AFTERGOOD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01-2524 (RMU) |
| ) | |
| CENTRAL INTELLIGENCE AGENCY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S
PROPOSED STATEMENT OF MATERIAL FACTS**

In accordance with Local Civil Rules 7.1(h) and 56.1, Plaintiff hereby replies to Defendant's proposed "statement of material facts as to which there is no genuine dispute." (Plaintiff's own proposed statement of material facts as to which there is no genuine dispute, in support of Plaintiff's motion for summary judgment, was filed July 21, 2004.)

**CIA Proposed Facts 1 through 9.  Describing the procedural history of this case.**

> Agree.

**CIA Proposed Fact 10. Indicating that "Defendant does not maintain any information from which the aggregate intelligence budget figures for fiscal years 1947 through 1970 can be derived accurately, nor does it maintain any other agency's intelligence budget data for fiscal years 1948 through 1970, nor can it reliably ascertain the size of the 1965 CIA budget.**

> Deny.  Nine years after a request for this information was initiated, this is the first time such a claim has been made.  It is contradicted by Defendant's Answer to the Supplemental Complaint, filed by Defendant on December 10, 2002, at paragraph 17, in which Defendant "Admit[ted]" having possession of the requested documents.  An

10

account of the 1965 CIA budget is included in plaintiff's exhibit 1 attached to the response filed today.

**CIA Proposed Fact 11.  Acting DCI McLaughlin has determined that the requested information must be withheld under FOIA exemption 3 in order to protect intelligence sources and methods.**

Deny.  ADCI McLaughlin's determination is based on an erroneous and materially false account of the record of this case.  See Plaintiff's Motion to Strike the Declaration of John E. McLaughlin, filed September 22, 2004.

Dated:   September 27, 2004                                    Respectfully submitted,

_____
STEVEN AFTERGOOD
Plaintiff *pro se*
2501 M Street NW #706
Washington, DC 20037
Tel: (202)454-4691