IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN AFTERGOOD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01-2524 (RMU) |
| ) | |
| CENTRAL INTELLIGENCE AGENCY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO AMEND JUDGMENT**

Pursuant to Federal Rules of Civil Procedure Rule 59(e), plaintiff *pro se* Steven Aftergood moves the Court to amend its February 9, 2005 Order that denied the plaintiff's motion for summary judgment and granted the defendant's cross-motion. Plaintiff contends that he is entitled to partial summary judgment by the terms of the Court's Memorandum Opinion.

**Introduction**

This is a Freedom of Information Act proceeding in which plaintiff *pro se* Steven Aftergood seeks disclosure of historical intelligence budget data, including aggregate totals and individual agency budgets, from 1947 through 1970.

By Order of February 9, 2005, the Court denied the plaintiff's motion for summary judgment and granted the defendant's cross-motion for summary judgment, finding that the requested information relates to intelligence sources and methods and is therefore exempt from

disclosure under FOIA Exemption 3.

Yet in its Memorandum Opinion, the Court also found that defendant was not entitled to claim Exemption 3 with respect to the 1963 CIA budget figure. In other words, plaintiff prevailed on this point. The Court's Order should be amended to reflect this fact.

## **Factual Background**

The relevant facts include the following.

The 1963 CIA budget is within the scope of plaintiff's FOIA request, *Plaintiff's Request*, Feb. 22, 2002; it is within the scope of plaintiff's complaint, *Plaintiff's Amended Supp. Complaint,* July 2, 2003, at ¶ 1; and it is within the scope of plaintiff's motion for summary judgment. *Plaintiff's Motion for Summary Judgment*, July 20, 2004.

The 1963 CIA budget is also within the scope of defendant's cross-motion for summary judgment. *Defendant's Statement of Material Facts*, September 15, 2004, at ¶¶ 10-11.

Plaintiff produced uncontroverted evidence that the 1963 CIA budget has previously been disclosed in accordance with the *Fitzgibbon* criteria and cannot be withheld by defendant.[1] *Plaintiff's Reply to Def.'s Cross-Motion for Summary Judgment*, September 27, 2004, Exhibit 1.

The Court concurred with plaintiff that "the defendant may not claim the protection of

---

[1] Although defendant conceded that the 1963 CIA budget information produced by plaintiff was accurate, defendant did not amend its cross-motion for summary judgment to exclude this figure. Nor, of course, did plaintiff amend his summary judgment motion to exclude the 1963 figure.

Exemption 3 over the 1963 budget information." *Mem. Opinion,* February 9, 2005, at p. 9.

The Court further instructed that "<u>the CIA must disclose to the plaintiff</u> what he already knows, that is, that the intelligence budget in 1963 was $550 million" (emphasis added). *Ibid.*

Yet this instruction is not reflected in the Court's accompanying Order, which does not require CIA to disclose anything. Instead, the Order denies plaintiff's motion without exception (thereby denying disclosure of the 1963 CIA budget) and grants defendant's cross-motion without exception (thereby permitting withholding of the 1963 CIA budget).

Plaintiff respectfully suggests that the Court Order is in error.

## Discussion

The Court's refusal to grant partial summary judgment to the plaintiff is unjust, in plaintiff's view, for two reasons.

First, the Court's Order fails to acknowledge plaintiff's significant achievement in meeting the Court's strict standard for compelling disclosure of purported intelligence method information over the objection of the Director of Central Intelligence. An Order to disclose the 1963 CIA budget would help to lay the foundation for a further challenge to CIA's non-disclosure policies,[2] which plaintiff believes are dysfunctional and counterproductive.[3]

---

[2] Thus, if resources and circumstances permit, plaintiff may again argue on appeal that disclosure of the 1963 CIA budget <u>disproves</u> defendant's claim that such disclosure would tend to reveal the methods of clandestinely providing money to the CIA. Plaintiff believes he can show that disclosure of intelligence budget totals in practice has not led, and in principle *could not* lead, to disclosure of clandestine funding transfer mechanisms.

[3] As Porter Goss, now the Director of Central Intelligence, told the 9-11 Commission on May 22, 2003: "We overclassify very badly." See transcript posted here: http://www.9-11commission.gov/archive/hearing2/9-11Commission_Hearing_2003-05-22.htm

Second, by withholding a favorable ruling from plaintiff, the Court unfairly deprives him of the recovery of his costs.

If the Court compels defendant to release the 1963 CIA budget figure, as instructed in the Memorandum Opinion but not in the Order, then it will be clear that plaintiff has "substantially prevailed" on this point and may be entitled to costs.

Conversely, if the Court permits the defendant to continue to withhold the 1963 CIA budget under FOIA despite plaintiff's successful demonstration that it is not exempt, then plaintiff's claim to the recovery of costs vanishes.

### **Conclusion**

For the above-stated reasons, plaintiff respectfully moves the Court to amend its Order, granting the plaintiff summary judgment in part, denying the defendant summary judgment in part, and ordering the defendant to disclose the 1963 CIA budget in accordance with the Court's February 9 Memorandum Opinion. A proposed draft order to that effect is attached.

Dated:   February 15, 2005                           Respectfully submitted,

                                                     _____
                                                     STEVEN AFTERGOOD
                                                     Plaintiff *pro se*
                                                     2501 M Street, NW #706
                                                     Washington, DC  20037
                                                     Tel: (202)454-4691